UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

M & T BANK CORPORATION,
as successor in interest to
Provident Bank,

    Plaintiff,

v.                                                CASE NO. 3:10-CV-00117-J-25JBT

JAMES C. MCGRATH,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Motion for Default or in the Alternative Motion to Execute Service by Publication with Enlargement of Time and Issue Notice of Action by Clerk (Doc. 11). To date, no response has been filed and the Court will treat the Motion as unopposed.

Plaintiff's present Motion seeks the entry of a default because Defendant has not filed any response to the Amended Verified Complaint in Admiralty or any other paper in this case. (*Id.*) In the alternative, Plaintiff requests leave of Court to execute constructive service of process by publication of a notice of action in The St. Augustine Record and also requests an additional 120 days to effectuate service until December 8, 2010. (*Id.*) Plaintiff states it is reasonably calculated that Defendant will receive notice of this action by publication in The St. Augustine Record, which is a main publication distributed throughout St. John's County where Defendant's last known address is located. (*Id.*) Plaintiff asserts it has been unable to complete service on Defendant because Defendant has either continuously changed his residential address or has successfully concealed himself and avoided service. (Docs. 8 & 11.)

Under the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Further, "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Section 49.011 of the Florida Statutes lists the actions or proceedings in which "[s]ervice of process by publication may be made in any court on any party identified in [section] 49.021." Fla. Stat. § 49.011. Section 49.021 provides that "service of process by publication may be had upon any party, natural or corporate, known or unknown" when personal service of process cannot be had. Fla. Stat. § 49.021.

> Under Florida law:
>
> The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person shall show:
> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
> (2) Whether such person is over or under the age of 18 years, if his or her age is known . . .; and
> (3) In addition to the above, that the residence of such person is, either:
> . . .
> (c) In the state, but that he or she . . . conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041. "All notices of action . . . shall be published once during each week for 4 consecutive weeks (four publications being sufficient) in some newspaper published in the county where the court is located." Fla. Stat. § 49.10(1)(a).

Here, Plaintiff's Motion provides that Plaintiff has been actively attempting to serve

2

Defendant with process since February of 2010 and has spent enormous resources and effort by performing numerous record searches and hiring investigators. (Doc. 11.) The Motion and the record in this case demonstrate that Plaintiff has attempted to serve Defendant through the use of a process server on March 2, 4, 6, 9, 12, 15, 22, 23, 24, 26, 27, and 30, on April 1, 3, and 13, and on May 3, 2010; that on July 22, 2010, a copy of the summons and Amended Verified Complaint in Admiralty was mailed to Defendant's last known address by certified mail and first class mail; that according to track and confirm, notice was left on July 26, 2010; that the letter sent by first class mail has not been returned to the sender as undeliverable; and that Defendant had twenty days, or until August 18, 2010, to respond to the Amended Verified Complaint. (*See* Docs. 8 & 11.)

In addition, Plaintiff has filed an Affidavit of Good Cause for Failure to Complete Service on the Defendant James C. McGrath, which provides that the affiant is an attorney of record for Plaintiff and that the action seeks damages for breach of contract. (Doc. 8-1). The Affidavit also provides:

> 3. The Defendant is over the age of 18.
> 4. A diligent search and inquiry have been made to discern the defendant's name and residence and that what appears in the affidavit is what is known to the affiant.
> 5. The Defendant appears to be concealing himself so that process cannot be personally served.
> 6. The affiant believes that no person in Florida could otherwise bind the defendant if served under Fla. Stat. 49.041.

(*Id.*)

Based on the filings in this case, the Court determines that the entry of a default against Defendant is not appropriate at this time; instead, the Court will extend the time for service until December 8, 2010 because good cause exists for the extension. The Court

3

also finds that Plaintiff's Motion, exhibits thereto, and Affidavit demonstrate that Plaintiff has made "an honest and conscientious effort . . . to acquire information necessary to fully comply with controlling statutes" to obtain leave for service of process by publication. *Cook v. Smith*, 2005 WL 1345741, at *1 (M.D. Fla. June 3, 2005) (citing *Gans v. Heathgate-Sunflower Homeowners Ass'n*, 593 So.2d 549 (Fla. Dist. Ct. App. 1992)). Plaintiff has shown that constructive service of process is necessary due to Defendant's continuous attempts to conceal his whereabouts. Moreover, Plaintiff's Affidavit complies with the requirements of Section 49.041 of the Florida Statutes. Therefore, Plaintiff's Motion to Execute Service by Publication is due to be granted.

Accordingly, it is **ORDERED**:

1. Motion for Default (**Doc. 11**) is **DENIED**.

2. Motion to Execute Service by Publication with Enlargement of Time and Issue Notice of Action by Clerk (**Doc. 11**) is **GRANTED**. The time for service of process is hereby extended through December 8, 2010.

3. The Clerk is **DIRECTED** to issue the attached Notice by Publication (**Doc. 11-8** at 3) as to Defendant James C. McGrath. The Notice by Publication shall be published once a week for four consecutive weeks in The St. Augustine Record.

4. The Proposed Orders (**Docs. 11-7 & 11-8** at 1-2) are **STRICKEN** pursuant to Section II.E.4. of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, on September 16, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record
             Any Unrepresented Party